UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | **CASE NO. 1:18CR690** |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| **Christian Young,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

    Pending before the Court is Defendant Christian Young's motion for early termination of his supervised release. Doc. 46. Upon review, the motion is DENIED.

    Under § 3853(e)(1), this Court may terminate a qualifying defendant's supervised release only after it considers certain § 3553(a) factors and determines that termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). For aid in interpreting § 3853(e)(1), the Sixth Circuit instructs this Court to look to an analogous provision in an adjacent section of the code. The Circuit has held that how it has interpreted § 3582(c)(2) is instructive for an approach to § 3583(e)(1). And in considering § 3582(c)(2), binding precedent has routinely and recently held that "the record must show that the district court 'reasoned through' [the defendant's nonfrivolous] arguments when ruling on a motion" even when the district court denies the defendant's motion. *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (quoting *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)). In these cases, this Court need not "articulate its analysis of each sentencing factor as

long as the record demonstrates that the court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

The Court has considered the totality of the §3553(a) factors when reviewing Young's motion. On April 8, 2019, the Court issued its judgment and sentenced Young to 87 months in prison for conspiracy to possess with intent to distribute roughly 5400 grams of N-Ethyl Pentylone (aka "Molly'). Young served roughly 62 months of that sentence before starting his supervised release on August 11, 2023. Accordingly, he has served roughly 24 months of his 60-month term of supervised release. In support of his motion, Young notes that he has had no violations of the terms of his release and that early termination would allow him more business opportunities through out-of-state travel.

However, the Court notes that Young's conviction involved seven different parcels containing illegal drugs. Moreover, Young's storage unit was searched upon his arrest and found to contain multiple firearms, ammunition, and drug paraphernalia. Those facts supported the Court's belief that a five-year term of supervision was necessary to protect the public. Moreover, Young's sole stated basis for relief – the ability to travel more freely – is undercut by the fact that the Court has already twice granted Young's requests to travel in 2025 and partially granted such a request in 2024. As such, he may adequately seek expanded employment opportunities while still under federal supervision.

Based upon the above, Young's motion for early termination of his supervised release is DENIED.

**IT IS SO ORDERED.**

**August 18, 2025**　　　　　　　　　　　　　　　　　　　　*/s/John R. Adams*
**Date**　　　　　　　　　　　　　　　　　　　　　　　　　John R. Adams
　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge